Filed 10/28/20  P. v. Vallier CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B299002 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA475095) |
| v. | |
| CARL ANTHONY VALLIER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael Garcia, Judge.  Affirmed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Conforming to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), Carl Anthony Vallier's counsel filed an opening brief containing a statement of facts but raising no issues. Counsel asks this court to review the record independently and to determine whether any arguable issues exist on appeal. Vallier submitted supplemental briefs. We have reviewed the briefs and the entire record. We find no arguable issues exist. We affirm.

All statutory citations are to the Penal Code.

I

The underlying facts of the case are not pertinent so we give only a brief overview. According to the probation report, on April 27, 2018, police officers went to a freeway off-ramp in Los Angeles where a motorist had reported indecent exposure. The officers found Vallier sitting with his genitalia exposed.

A felony complaint alleged Vallier committed one count of indecent exposure after a prior conviction for indecent exposure (§ 314, subd. 1) and alleged he had served three prior prison terms (§ 667.5, subd. (b)) and had two serious felony convictions that qualified as strikes (§§ 667, subd. (d), 1170.12, subd. (b)).

On March 12, 2019, Vallier entered a plea agreement that involved another case, case No. BA468119, and the case at issue in this appeal, case No. BA475095. The other case was for failure to register as a sex offender (§ 290.015, subd. (a)).

The prosecution explained, "[t]he offer that we are making is that you plead to count 1 in BA468119, you would be sentenced to 16 months, doubled, for a total of 32 months, and you plead to count 1 in BA475095, for a consecutive 16 months."

Vallier agreed he understood and wanted to accept the deal.

The prosecution explained Vallier's rights, including his right to a preliminary hearing for the indecent exposure case. Vallier said he understood and waived these rights.

He pleaded no contest to the indecent exposure charge and to the failure to register charge. He admitted one prior strike.

Pursuant to the deal, the trial judge sentenced him to four years in prison, which included 16 months in prison for the case at issue. The 16-month sentence was comprised of one-third the two-year midterm, eight months, doubled.

The court struck under section 1385 the remaining allegations, which included Vallier's section 667.5, subdivision (b) prior prison terms and the second prior strike.

Vallier appealed the judgment as to the other case and we affirmed that judgment in April 2020. (*People v. Vallier* (April 9, 2020, B298442) [nonpub. opn.].)

As to the indecent exposure case, Vallier filed a notice of appeal on May 8, 2019, without getting a certificate of probable cause. We appointed counsel to represent him.

Before his counsel filed an opening brief, Vallier sent an "advance supplemental brief," which our court stamped as received on August 4, 2020. We sent Vallier a letter on August 12, 2020, explaining we had received his letter and had forwarded it to the California Appellate Project. We advised him his supplemental letter brief was premature but we would consider it if his counsel filed a *Wende* brief.

On August 26, 2020, Vallier's counsel filed a *Wende* brief.

On September 4, 2020, we sent Vallier a letter explaining we would decide the case using the "advance supplemental brief" he had submitted.

Vallier filed another supplemental brief he dated September 14, 2020, and the court filed September 23, 2020.

## II

Vallier presents several arguments about the validity of his plea. He lacks a certificate of probable cause, so these arguments fail.

As this court explained in a July 18, 2019 order, Vallier's appeal is limited to issues that do not require a certificate of probable cause.

We generally may not rule on the merits but must dismiss an appeal following a negotiated plea unless the defendant has a certificate of probable cause. (§ 1237.5; *People v. Mendez* (1999) 19 Cal.4th 1084, 1095.) There is an exception to this rule if the appeal goes to *postplea* matters not challenging the plea's validity. (*Mendez, supra*, at p. 1096.) But if the appeal is "*in substance* a challenge to the validity of the plea," the appellant must have a certificate of probable cause. (*People v. Panizzon* (1996) 13 Cal.4th 68, 76.)

We examine Vallier's appellate contentions in this light.

In his first supplemental brief, Vallier argues the following: his counsel was ineffective, the plea violated his rights under the Sixth and Fourteenth Amendments of the United States Constitution, "[t]here was absolutely no preliminary hearing, no victims, no arrest," his crime was "legally impossible" and never happened, and the procedures of the plea bargain were improper. These issues relate to the validity of the plea, so Vallier cannot pursue them without a certificate of probable cause.

He also requested to be released due to his age and risk for coronavirus. He provided no legal authority to support his

4

request nor is there a legal mechanism under which we are authorized to grant the request in the context of this appeal.

We notified Vallier we would consider the first supplemental brief he submitted.  Even if we consider the second brief, we find there are no arguable issues.  His second brief repeats his argument there was no preliminary hearing or arrest and the plea bargain was "faulty."  Again, these issues relate to the validity of the plea, so Vallier cannot pursue them without a certificate of probable cause.

We have examined the entire record of the proceedings consisting of the clerk's transcript and reporter's transcript and are satisfied that appointed appellate counsel fully complied with his responsibilities.  There are no arguable appellate issues. (*Wende, supra*, 25 Cal.3d 436.)

## DISPOSITION

The judgment is affirmed.

WILEY, J.

We concur:

GRIMES, Acting P. J.

STRATTON, J.

5